PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ALEJANDRO CARRIÓN-RIVERA, Defendant and Appellant.

No. 2645.   Argued February 17, 1926.—Decided July 29, 1926.

*Antonio Reyes Delgado* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

After a trial in the District Court of Arecibo Alejandro Carrión was convicted of murder in the second degree, as charged. The information, along with other legal averments, set out that the defendant killed Adela Rivera with a pistol. On appeal three errors are assigned and we shall discuss them in the same order as they were presented by the appellant.

The unquestioned evidence tended to show that the defendant shot Adela Rivera, fifteen years of age, with a pistol. One witness testified directly that he saw the defendant point the pistol at Adela Rivera. A number of other witnesses heard the detonation of the pistol, saw the defendant coming away and heard him exclaim: "O, God, what have I done!" The defendant presented a *single* witness who testified that she was visiting the deceased; that Alejo Carrión was handling (*trasteando*) the pistol when the shot took place, and that she did not see Alejo Carrión point his pistol at the deceased. This witness, a young woman, was asked: "If he had pointed the pistol, would you have seen it?" And her answer was: "Surely, I was looking." (*Como no, estaba fija*). On cross-examination it was brought out that she had told the district attorney before that she heard the detonation and did not see anything thereafter. More or less, the theory of the defendant was that the defendant, who was a prison guard and accustomed to carry both a club and a pistol, in handling the pistol accidentally discharged it.

The defendant presented a request for an instruction with regard to involuntary manslaughter, which the court refused, and this is the assignment of error first discussed.

In *People* v. *Alméstico,* 18 P.R.R. 314, and other cases, following decisions of the Supreme Court of the United States, we have held that it is unnecessary to give instructions with regard to manslaughter where there is no evidence tending to reduce the crime from murder to manslaughter. From the intentional use of a dangerous weapon

like a pistol, killing a person, the inference to be drawn *pima facie* is that the defendant is guilty of murder.

Under the facts of this case it was for the jury to decide whether the crime was murder or involuntary manslaughter. If the defendant was merely careless in handling a pistol he was not guilty of murder.

■ The second assignment refers to the instruction of the court in saying that the difference between murder in the first degree and the second degree was the absence of deliberation in the lower grade. The appellant does not insist very strongly on this alleged error and concedes that the jurisprudence of this court is against the contention. We have examined the instruction and find that the distinction between murder in the first and second degree was duly expressed. Appellant says there was no evidence of premeditation, but the jury had the right to infer it from the testimony given in this case.

■■ The third assignment of error has also caused us serious doubts. The government, although not bound to prove a motive for the crime, attempted to do so. Adela Rivera was engaged to be married to Ramón Castro. The latter took the witness-stand and was almost immediately asked to identify a letter received by him from the deceased. The purport of the letter was that Adela Rivera took notice of the objections of her lover to her riding with the defendant in an automobile, and she promised that the annoyance would not be repeated. The letter alone was entirely incompetent. In itself it did not tend to show any jealous action on the part of the defendant. It portrayed a state of facts existing between the deceased and her lover, but did not show any act of the defendant. We know of no rule of evidence whereby, upon proper objection, this letter standing alone could have been submitted to the jury. Nevertheless, it had some probatory value. It was circumstan-

tial evidence tending to show that when Adela Rivera informed the defendant of her resolution he shot her, moved by jealousy.

The courts are generally very liberal, as the *Fiscal* points out, in admitting proof of motive. The witness, Ramón Castro, after the introduction of the letter, testified that he had forbidden or requested, as the case may be, Adela Rivera from going on any other automobile trips with the defendant, even though on those trips she was accompanied by her mother.

However, when the letter was offered in evidence the defendant made no proper objections to it. He first said, very properly, that the letter had not been submitted to him and he did not know the contents thereof. The witness then testified that he knew the signature of the deceased. The attorney then objected to the admission of the letter as proof because it had not been properly identified; it had not been proved that she knew how to read and write, nor that the signature was hers; that the one witness was not sufficient to prove that the letter came from this girl (the deceased). The witness then was asked questions to lay a foundation for its introduction and identified the handwriting. Then the attorney objected to its admission on the ground that the statement of a single witness was not sufficient to prove a document of this character, especially when the person who had written it could not say whether it was hers or not. The court showed some disposition to admit the letter, and the attorney said: "Likewise I object to its admission as proof because I do not see what is to be deduced from it; I do not understand what the *fiscal* means to prove with it." In none of this was there a due objection.

We should not insist that the objection to the admission of a letter, which was by itself plainly irrelevant, should be formulated with a technical nicety, but, as the decisions

generally show, something should be done to draw the attention of a court to the real reasons for the objection. Nothing of this sort was done.

It is evident that when the case goes back for a new trial, on due objection, the letter referred to will not be admissible unless a better foundation is laid. If the motive is to be proved perhaps it could be done in other ways.

For the error in failing to give the requested instruction the judgment must be reversed and the case sent back for a new trial.